20-3832-cr
United States v. Ayyad

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-three.

PRESENT:

> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                      20-3832

NIDAL AYYAD,

*Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:         PETER J. TOMAO, Garden City, N.Y.

FOR APPELLEE:                    RYAN B. FINKEL (Stephen J. Ritchin, *on the brief*), Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Nidal Ayyad was convicted of several felony charges based on his role in the 1993 World Trade Center bombing. Counts Nine and Ten of his conviction were charged under 18 U.S.C. § 924(c) and each carried a mandatory, consecutive sentence of 360 months. In 1999, Ayyad was sentenced to a total of 1,405 months: 685 months for Counts One through Six and Count Eight and 360 months for each of Count Nine and Count Ten, to be served consecutively. In 2016, Ayyad filed a 28 U.S.C. § 2255 motion seeking to dismiss his § 924(c) convictions. The government consented with respect to Count Ten in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court granted Ayyad's motion as to Count Ten and stated that it would enter an amended judgment, reducing Ayyad's sentence by 360 months. The district court denied Ayyad's motion for *de novo* resentencing and entered an amended judgment This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court did not err in denying Ayyad's motion for *de novo* resentencing. First, *de novo* resentencing was not mandatory. Relying on *United States v. Quintieri*, 306 F.3d 1217 (2d Cir. 2002), which held in the context of a 28 U.S.C. § 2255 motion that the vacatur of a count of conviction is "likely to require *de novo* resentencing," *id.* at 1228, Ayyad argues that "when a resentencing results from a vacatur of a conviction, *de novo* sentencing is the default rule," Appellant's Br. at 11. But this Court recently rejected this argument and held that the "default

2

rule" applies only when "a conviction is reversed on direct appeal." *United States v. Peña*, 58 F.4th 613, ---, No. 20-4192, 2023 WL 1456387, at *4 (2d Cir. Jan. 27, 2023). In light of our holding in *Peña*, the district court was not required to conduct *de novo* resentencing after vacating Ayyad's conviction on Count Ten. When, as here, a conviction is vacated by the district court after a successful habeas challenge, § 2255 "vests district courts with discretion to select the appropriate relief from a menu of options," including either conducting *de novo* resentencing or entering an amended judgment. *Id.*

Second, the district court did not abuse its discretion in denying Defendant's request for *de novo* resentencing. Ayyad argued that *de novo* resentencing was necessary because the district court needed to consider "facts which have occurred since" Ayyad was first sentenced, including his "extraordinary institutional record." Appellant's Br. at 21. The district court offered several reasons for its decision to deny Ayyad's motion, including that *de novo* resentencing would likely be "entirely academic." *Ayyad v. United States*, No. 16-CV-4346 (LAK), 2020 WL 5018163, at *3 (S.D.N.Y. Aug. 24, 2020). The district court reasoned that—given the nature of Ayyad's crimes, the significant amount of time remaining on his sentence, and Ayyad's current age— resentencing would not realistically lead to a sentence short enough for Ayyad to be released within his lifetime. Such a decision is not an abuse of discretion. "[A] district court may properly deny *de novo* resentencing when the exercise would be an empty formality, as it would be here." *Peña*, 2023 WL 1456387, at *7.

Remand for *de novo* resentencing is not warranted so we need not consider whether remanding to a different judge would be appropriate. We have considered all of Ayyad's

remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court